## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAKIESHA WATSON,** | : | **CIVIL ACTION NO. 4:25-CV-540** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **FRANK BISIGNANO,** | : | |
| **Commissioner of Social Security** | : | |
| | : | |
| **Defendant** | : | |

### ORDER

This matter comes before the court upon the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson, wherein Judge Carlson recommends that the court vacate the decision of the administrative law judge ("ALJ") below and remand the above captioned matter for further proceedings. (Doc. 16).

The court notes that no objections have been filed to date. See FED. R. CIV. P. 72(b)(2). Our court of appeals has made clear that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level." Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)). However, as a matter of good practice, a district court should afford "reasoned consideration" to the uncontested portions of the R&R, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson, 812 F.2d at 879), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes.

After reasoned consideration of Judge Carlson's R&R, the court finds it to be sound and adopts it in its entirety.

Petitioner Lakiesha Watson began this case by filing a request for a new administrative hearing on March 25, 2025. Watson asserts the decision of the ALJ was erroneous and unfounded due to lack of support by substantial evidence. (Doc. 1 at 3). She therefore requests the ALJ conduct a new hearing. (Doc. 13 at 14).

As Judge Carlson correctly noted in his R&R, an ALJ's decision must be supported by substantial evidence, which requires a "clear and satisfactory explication of the basis on which it rests." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). Boilerplate references that the "[residual functional capacity ("RFC")] assessment 'reflects' the limitations determined at step two, with no further discussion of those limitations . . . is not the 'valid explanation' required by Third Circuit case law." Gunn v. Kijakazi, 705 F. Supp. 3d 315, 333 (E.D. Pa. 2023) (citing Hess v. Comm'r Soc. Sec., 931 F.3d 198, 211 (3d Cir. 2019).

Here, the ALJ's RFC assessment failed to meet this requirement when it omitted any mention of Watson's mental impairments or treatment. Thus, the ALJ's boilerplate reference will not do. (See Doc. 8-2 ECF at 23). Further, the ALJ based its conclusion on a factual error when it stated that Watson's "medical records do not indicate the claimant persistently received treatment or persistently used any prescribed psychotropic medication," (Doc. 8-2 at ECF 21), because the record shows

she was prescribed mirtazapine and received counseling treatment, (Doc. 8-10 at ECF 93-129).

Because the ALJ failed to sufficiently articulate the rationale behind its conclusion as to the mental and emotional components of the RFC, will remand this matter for further proceedings.

Thus, AND NOW, this 8th, day of June, 2026, it is hereby ORDERED that:

1. Magistrate Judge Carlson's R&R (Doc. 16) is ADOPTED.

2. The Clerk of Court shall enter judgment in favor of Watson and against Commissioner Bisignano as set forth in the following paragraph.

3. Commissioner Bisignano's decision is VACATED and this matter is REMANDED to the Commissioner with instructions to conduct a new administrative hearing, develop the record fully and evaluate the evidence appropriately in accordance with this order and the R&R (Doc. 16) of Judge Carlson.

4. The Clerk of Court shall then CLOSE this case.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

3